# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RODRIGO TINOCO,<br><br>   Plaintiff,<br><br>  v.<br><br>WALMART INC.,<br><br>   Defendant. | Case No. 20-cv-01602-BLF<br><br>**ORDER DENYING MOTION FOR REMAND**<br><br>[Re: ECF 11] |

Before the Court is Plaintiff Rodrigo Tinoco's Motion for Remand. Mot. for Remand, ECF 11. Tinoco brings this suit against Defendant Walmart Inc. ("Walmart") alleging a failure to accommodate his perceived and/or actual disabilities and wrongful termination of his employment. Compl., ECF 1-2. Defendant removed this action from Santa Clara Superior court on diversity grounds. Not. of Removal, ECF 1. At issue is whether Defendant's removal was timely as it was filed more than thirty days from receipt of the complaint. The Court finds that the matter is suitable for disposition without oral argument and VACATES the hearing set on July 2, 2020. For the reasons discussed below, the Court DENIES Plaintiff's Motion for Remand.

## I. BACKGROUND

Plaintiff worked for Defendant in the position of Maintenance Associate from June 22, 2017 to November 2, 2017. Compl. ¶ 6. On or about August 29, 2017, Plaintiff injured his back at work and was placed on certain restrictions by his doctor, including limited mobility and lifting. *Id.* ¶ 9. Between August 29, 2017 and October 27, 2017, Plaintiff asserts that he performed the essential functions of his position with accommodations for his restrictions. *Id.* ¶ 10. However, on or about November 2, 2017, Defendant allegedly terminated Plaintiff without notice for his inability to do his job. *Id.* ¶ 11. He was told he could reapply when he was "healthy." *Id.*

On October 28, 2019, Plaintiff filed this lawsuit in the Santa Clara County Superior Court. *See generally* Compl.  Plaintiff alleges six causes of action: (1) Disability Discrimination in Violation of the Fair Employment Housing Act ("FEHA"); (2) Failure to Accommodate in Violation of the FEHA; (3) Failure to Engage in the Interactive Process in Violation of the FEHA; (4) Retaliation in Violation of the FEHA; (5) Failure to Prevent [Discrimination and Retaliation] in Violation of the FEHA; and (6) Wrongful Termination in Violation of the FEHA. *Id.*  The Complaint is silent on the exact amount of monetary damages Plaintiff seeks to recover.  Instead, the Complaint states the types of damages he is seeking, including compensatory damages, punitive damages, and attorneys' fees.  *Id.*  The Complaint also does not state how much Plaintiff earned while working for Defendant or the duration of time he remained unemployed after his termination.  Plaintiff provided this information in his response to Form Interrogatories on February 21, 2020, stating that he earned $12/hour and had been unemployed since November 2, 2017.  Resps. to Def.'s Form Interrogs. ("Interrogs.") at 16-17, Exh. B to declaration of Gregory Spallas, ECF 13-1.  Plaintiff calculates that he has lost $51,840 and will continue to lose $1,920 per month until he secures employment.  *Id.* at 18.  Defendant's math adds up to a loss of $480/week in earnings at a total of $58,560.  Not. of Removal ¶ 8.  Defendant further extrapolates that by the time this matter may come to trial in a year, this amount will increase to $83,520.  *Id.*

On March 4, 2020, twelve days after receiving Plaintiff's responses, Defendant filed a notice of removal on the basis of diversity jurisdiction.  *See generally* Not. of Removal.  Plaintiff moved to remand this action back to state court on April 2, 2020, claiming that Defendant's notice was not timely because it was filed more than thirty days after service of the Complaint.  Mot. for Remand.  On April 15, 2020, Defendant filed an opposition, contending that prior to receiving Plaintiff's response to Form Interrogatories, it was uncertain that the amount in controversy exceeded $75,000.  Def.'s Opp'n to Pl.'s Mot. for Remand ("Opp'n.") at 3, ECF 13.  Plaintiff did not file a reply.

**II.   LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court

2

1    of the United States for the district and division embracing the place where such action is
2    pending." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on
3    federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d
4    1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441(a)). District courts have diversity jurisdiction
5    over all civil actions between citizens of different states where the amount in controversy exceeds
6    $75,000, exclusive of interest and costs. 28 U.S.C. § 1332 (a).

A notice of removal must be filed within 30 days after the receipt by the defendant of a copy of the initial pleading, or within 30 days after the service of summons upon the defendant if the initial pleading has been filed in court and is not required to be served on the defendant. 28 U.S.C. § 1446(b)(1). Where the case is not removable in the initial pleading, a notice of removal may be filed within thirty days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Removability "is determined through examination of the four corners of the applicable pleading, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Casualty Co.* 425 F.3d 689, 694 (9th Cir. 2005). The amount in controversy cannot be established by mere conjecture with unreasonable assumptions. *Id.*

### III.  DISCUSSION

The parties do not dispute that complete diversity of citizenship among the parties has been established. The parties agree that Tinoco is a citizen of California and Walmart is a citizen of Delaware and Arkansas. Not. of Removal ¶ 5; Mot. for Remand at 3. And Plaintiff does not challenge that his claims exceed $75,000.[1] *See* Mot. for Remand ("Walmart has known from the time it was served with Plaintiff's complaint in November 2019 that there was diversity between

---

[1] The Court notes that Defendant need not demonstrate by a preponderance of the evidence that Plaintiff's claims exceed $75,000. This is because "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014). Only after the plaintiff contests this allegation must the defendant prove facts supporting the amount in controversy allegation by a preponderance of the evidence. *Id.* at 88; *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Here, Plaintiff does not challenge the amount in controversy.

1    the parties and that Plaintiff's claims exceeded $75,000"). Thus, the only issue in dispute is

2    whether Plaintiff's initial pleading (*i.e.*, Complaint) was clear as to the amount in controversy and

3    whether Defendant's Notice of Removal was timely.

4          Plaintiff contends that the removal was untimely because it was clear on the face of the

5    Complaint that the amount in controversy exceeded $75,000, thus triggering the 30-day time

6    period to remove the case upon service of the complaint. Mot. for Remand at 5. Defendant

7    responds that removal was timely because the amount in controversy became apparent only after

8    Defendant received Plaintiff's response to Form Interrogatories, wherein Plaintiff specified his

9    hourly wage and the length of his unemployment. Opp'n at 5. In determining lost wages,

10   Defendant argues that without the information about Plaintiff's hourly wage and unemployment

11   period in the initial pleading, and with no other sum of damages mentioned, it was unable to

12   deduce how much Plaintiff is seeking in lost wages. *Id.* at 3.

13         Removability under § 1446(b) is to be determined through an analysis of the four corners

14   of the applicable pleading, and not through any subject knowledge or further inquiry. *Harris*, 425

15   F.3d at 694. "[J]urisdictional and procedural interests [are] served by a brightline approach"

16   restricted to the face of the complaint. *Id*. at 696. Here, the Court finds that while there may be a

17   possibility Defendant could have established that Plaintiff's monetary damages exceed $75,000

18   before receiving Plaintiff's responses to Form Interrogatories, the amount in controversy was not

19   apparent on the face of the Complaint and Defendant was under no obligation to investigate

20   further. *See McGill v. Home Depot, Inc.*, No. 15-CV-03029-KA, 2015 WL 5441032, at *3 (N.D.

21   Cal. Sept. 15, 2015) (finding notice of removal timely where the complaint "made it possible that

22   the amount in controversy exceeded $75,000" but the amount did not become apparent until later);

23   *see also Harris*, 425 F.3d at 696 (rejecting the argument that a case becomes removable where the

24   initial pleading provides a "clue" regarding removability).

25         Plaintiff argues that Defendant has timely removed at least three other similar cases for

26   disability discrimination based on the facts presented in those complaints. Mot. for Remand at 5.

27   Defendant responds that (1) the three cases Plaintiff cites are factually distinguishable because

28   those complaints provided more information than in the case at bar and (2) Defendant's actions in

prior cases are irrelevant to the current proceedings. Opp'n at 4. The Court agrees with Defendant. On the facts of this case, the amount in controversy was not apparent within the four corners of the Complaint and Defendant had no duty to make inquiries. *See Sklar v. Orchard Supply Company, LLC*, No. 5:16-CV-05096-EJD, 2017 WL 1046459, at *2 (N.D. Cal. Mar. 20, 2017) (finding removal was timely where plaintiff's description of injuries was "too vague to prove the amount in controversy" and defendant "could not reasonably have known that the case was removable until it received [plaintiff's] damages statement several months later.").

Accordingly, the 30-day window for removal began when Defendant received Plaintiff's responses to Form Interrogatories as it was only then that the amount in controversy was apparent on the face of the applicable pleading. *See* Interrogs. at 16-17. Defendant's March 4, 2020 notice of removal was thus timely.

## IV. ORDER

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Remand at ECF 11.

**IT IS SO ORDERED.**

Dated: June 1, 2020

_____
BETH LABSON FREEMAN
United States District Judge